### STATESMAN SAVINGS HOLDING CORP., et al., Plaintiffs,

v.

### The UNITED STATES, Defendant.

### No. 90–773 C.

United States Court of Federal Claims.

May 15, 1997.

### ORDER

SMITH, Chief Justice.

On April 4, 1997, defendant filed a motion for a protective order, which requested that the court prevent the Federal Deposit Insurance Corporation in its capacity as a provisional plaintiff in this action from gaining access or releasing any FDIC documents to which a private party, representing a failed thrift, would not have access. After careful consideration of the arguments made in the briefs and during oral argument held on May 5, 1997, defendant's motion for a protective order is denied.

The protective order defendant requests would prevent the plaintiff FDIC from both accessing and making privilege determinations regarding documents within the control of the FDIC to which a private plaintiff would not have access, such as FDIC bank examination reports. Defendant contends that it alone should have access and should make privilege determinations regarding these documents, as the sole litigating authority for the United States, and that plain-

tiff FDIC, which merely "steps into the shoes" of the failed bank, should not have access to other FDIC documents which the bank itself could not access.

Reduced to its essence, defendant's motion raises one fundamental question: Who retains the right to control access to FDIC documents? Plaintiff FDIC argues that it is the agency as a whole that makes that decision, and that the FDIC has determined that FDIC attorneys on both sides of this litigation—those working for the FDIC as a plaintiff and those working with the United States as defendant—shall have access to these documents. Defendant acknowledged during oral argument that it is the agency and not the Department of Justice that determines whether to claim a privilege as to any particular document. Given that the agency is charged with making privilege determinations and that the agency has determined a manner for permitting access to its information to its own attorneys on both sides of the litigation, defendant's protective order would have the effect of undermining the FDIC's decision regarding access and control of documents by FDIC's own attorneys. In effect the defendant is asking this court to settle an intra-executive branch dispute. While it is unclear whether this is non-justiciable in the context of ongoing litigation, it is clear that it is unwarranted. The FDIC has the authority to waive its own claims of privilege, and it has done so.

Moreover, defendant's requested protective order would create a practical problem as well. Although defendant would like to have plaintiff FDIC's access to documents limited, the files themselves are not segregated along the lines defendant believes appropriate, so that "FDIC as Receiver" documents are conveniently in one file and "FDIC as Regulator" documents are in another. The files are mixed, both groups of FDIC attorneys have access to them, and prohibiting "access" to the particular documents by attorneys on either side of the firewall would be virtually impossible. Defendant's proposed protective order would invariably involve the court in determining which documents properly belong to FDIC plaintiff and which to FDIC as the client agency of the United States as defendant. The court views time spent on such line-drawing as particularly unnecessary and wasteful given that the agency itself has elected not to draw such lines for purposes of accessing documents and waiving privilege.

The request for a protective order must be denied.

IT IS SO ORDERED.